UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARDS, | No. 2:13-cv-1461 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On October 24, 2006, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on May 19, 2005. (Transcript ("Tr.") at 18, 278-85.) Plaintiff's applications were denied initially and upon reconsideration. (Id. at 144-53.)

/////

1

1   Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on March 10, 2009.  (Id. at 92-125.)  Plaintiff was represented by counsel and testified at that administrative hearing.  (Id. at 92-93.)  In a decision issued on May 28, 2009, the ALJ found that plaintiff was not disabled.  (Id. at 91.)  However, on June 21, 2011, the Appeals Council granted plaintiff's request for review, vacated the ALJ's May 28, 2009 decision and remanded the matter for further proceedings.  (Id. at 141-42.)

On April 3, 2012 another hearing held before an ALJ.  (Id. at 36-76.)  Plaintiff was represented by counsel and testified at that hearing.  (Id. at 36-37.)  In a decision issued on June 18, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 29.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.
>
> 2. The claimant has not engaged in substantial gainful activity since May 19, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments:  history of recurrent abdominal hernias, status post recurrent left inguinal hernia repair, right inguinal hernia repair, umbilical hernia repair with mesh, and epigastric hernia repair; diverticulitis; degenerative disc disease and osteoarthritic changes of the lumbar spine; obesity; anxiety disorder; post-traumatic stress disorder; and depressive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except; he could lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; he could sit for 8 hours in an 8-hour workday, with normal breaks; he could requires (sic) an option to alternate sitting and standing at will when he is not permitted to leave the workstation; he could sit for 45 to 60 minutes before he must change positions; he could stand and/or walk for 6 hours in an 8-hour workday, with normal breaks; he is unable to climb ladders, ropes, or scaffolds; he could occasionally stoop, crouch, crawl, and kneel; he could receive, understand, remember, and carry out detailed job instructions on a frequent basis; and he could make work-related judgments.

> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on December 17, 1963 and was a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 19, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 20-29.)

On May 16, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's June 18, 2012 decision. (Id. at 3-5.) The Appeals Council granted plaintiff's request for an extension of time to file a civil action for judicial review, (id. at 1), and plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 19, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following two principal claims:  (1) the ALJ failed to comply with the requirements of Social Security Rule 00–4p; and (2) the ALJ improperly rejected plaintiff's subjective testimony.  (Pl.'s MSJ (Dkt. No. 20) at 8-28.[1])

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**I.      SSR 00–4p**

Plaintiff first argues that the ALJ violated Social Security Rule ("SSR") 00–4p by failing to ask the vocational expert ("VE") if his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Pl.'s MSJ (Dkt. No. 15) at 10-13.) Plaintiff also contends that the VE's testimony was in fact inconsistent with the DOT. (Id. at 13-16.)

> SSR 00–4p unambiguously provides that "[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [Dictionary of Occupational Titles ]." SSR 00–4p further provides that the adjudicator "will ask" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.

Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (alterations in original).

Here, the Commissioner "concedes that the ALJ erred by failing to ask the vocational expert if there was a conflict between his testimony and the DOT." (Def.'s MSJ (Dkt. No. 21) at 8.) Defendant argues, however, that the error was harmless, in part, because there was no conflict between the VE's testimony and the DOT. In this regard, plaintiff asserts that the VE's testimony conflicted with the DOT because the VE testified that the jobs he identified in his testimony "would allow for a sit/stand option," despite the fact that "the DOT does not discuss the availability of a sit/stand option." (Pl.'s MSJ (Dkt. No. 20) at 13.) The undersigned finds plaintiff's argument to be unpersuasive.

The DOT does not discuss the availability of a sit/stand option and "the Ninth Circuit has not considered whether a sit/stand option creates a conflict with any of the occupations in the DOT." Gilmour v. Colvin, No. 1:13-cv-0553 BAM, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014). A number of courts, however, have found that because the DOT does not discuss the availability of a sit/stand option, a VE's testimony about the availability of jobs with a sit/stand option does not raise an apparent conflict with the DOT. Id.; see also Forrest v. Commissioner of Social Sec., No. 14-5421, 2014 WL 6185309, at *4 (6th Cir. Nov. 17, 2014) ("But the DOT does not discuss whether jobs have a sit/stand option . . . and therefore the vocational expert's

/////

testimony supplemented, rather than conflicted with, DOT job descriptions.")[2]; Zblewski v. Astrue, 302 Fed. Appx. 488, 494 (7th Cir. 2008) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT.")[3]; Strain v. Colvin, No. CV 13-1973 SH, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014) ("Because the DOT does not address the subject of sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT."); McBride v. Commissioner of Social Sec., No. 2:12-cv-0948 CMK, 2014 WL 788685, at *8 (E.D. Cal. Feb. 25, 2014) ("The DOT does not address the issue of a sit/stand option for these positions, but there does not appear to be any conflict with plaintiff's need to sit after an hour of standing, as the VE testified.  Therefore, the undersigned sees no apparent conflict between the VE's testimony and the DOT."); Conn v. Astrue, 852 F.Supp.2d 517, 528 (D. Del. 2012) ("the VE's testimony and the DOT are not in conflict; the DOT simply does not address sit/stand options"); Harvey v. Astrue, No. 09-2038 CW, 2010 WL 2836817, at *14 (N.D. Cal. July 16, 2010) ("Where the DOT does not include information about a particular aspect of a job–such as the existence of a sit/stand option–it is proper to consult with a VE, as SSR 83–12 instructs.  Such testimony supplements the DOT, rather than conflicting with it.").

Moreover, in this case the VE raised the issue of the DOT and the sit/stand option in his testimony at the administrative hearing.  The VE testified that "no sit/stand option [is] specifically outlined in the DOT beyond that which the vocational witness describes and provides information for."  (Tr. at 74.)  To account for plaintiff's need for a sit/stand option, the VE eroded 75 percent of the available jobs so that "the 25 percent remaining for those jobs . . . allow sit/stand."  (Id.)  On cross examination, plaintiff's counsel did not raise any issue with respect to the VE's testimony concerning the sit/stand option.  As one district court has observed under similar circumstances:

/////

---

[2]  Citation to this unpublished Sixth Circuit opinion is appropriate pursuant to Sixth Circuit Rule 32.1.

[3]  Citation to this unpublished Seventh Circuit opinion is appropriate pursuant to Seventh Circuit Rule 32.1.

> Particularly where, as here, it is not intuitive that elevating the legs would be precluded by the DOT definition, plaintiff should have raised the issue at the hearing if he wished to preserve it. The VE could have addressed the issue on the record avoiding the entire basis for plaintiff's complaint herein. Under these circumstances, the Court finds that plaintiff has waived the issue.

Savasli v. Colvin, No. EDCV 13-1632 FFM, 2015 WL 263482, at *2 (C.D. Cal. Jan. 20, 2015). See also Coleman v. Colvin, No. EDCV 13-1834 AGR, 2014 WL 4080007, at *4 (C.D. Cal. Aug. 18, 2014) ("This court agrees with the decisions that decline to find an 'apparent' conflict when the DOT is silent about a particular mental or physical requirement and the claimant's counsel failed to raise or identify any conflict to the ALJ."); Gilmour v. Colvin, No. 1:13-cv-0553 BAM, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014) (finding harmless error where the VE considered the sit/stand option and reduced number of jobs available as part of that consideration); Herrera v. Colvin, No. EDCV 13-1734 SP, 2014 WL 3572227, at *9 (C.D. Cal. July 21, 2014) ("The VE thus rendered an expert opinion on the lack of occupational erosion caused by the sit/stand option as to the hand bander and table worker jobs. While the VE did not detail the reasons for this determination, she was not required to. Accordingly, the ALJ met his burden for obtaining persuasive evidence to support the deviation."); Hixon v. Astrue, No. 2:11-cv-0152 KJN, 2012 WL 2501069, at *6 (E.D. Cal. June 27, 2012) ("Indeed, the VE testified that, although DOT classifications do not address sit/stand limitations, her assessment took into account the sit/stand option. It was reasonable for the ALJ to conclude that the VE's testimony supplemented, rather than conflicted with, the DOT.").

Under the circumstances presented by the record in this case, the court finds that the ALJ's failure to inquire of the VE if there was a conflict between his testimony and the DOT was harmless error. Accordingly, the court finds that plaintiff is not entitled to relief with respect to his claim that the ALJ erred under SSR 00–4p by failing to ask the VE if his testimony was consistent with the DOT.

**II.  Plaintiff's Subjective Testimony**

Plaintiff also argues that the ALJ erred by rejecting plaintiff's testimony concerning the severity of his impairments. (Pl.'s MSJ (Dkt. No. 20) at 17-28.)

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the

8

intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (Tr. at 24.) Plaintiff argues that the ALJ rejected plaintiff's testimony solely because that testimony lacked support from objective medical evidence of record, (Pl.'s MSJ (Dkt. No. 20) at 20, which would constitute an error. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity").

The ALJ, however, did not reject plaintiff's testimony based on a lack of medical evidence to support his testimony, but instead on the fact that plaintiff's testimony was inconsistent with the evidence of record. Specifically, the ALJ noted as follows. After plaintiff's most recent hernia surgery, plaintiff reported that he "felt fine" and that medication controlled his symptoms. (Tr. at 24.) Treatment notes often stated that plaintiff showed "no objective abnormalities on exam." (Id.) Instead, physical examinations noted intact gait and strength and that plaintiff was "normal except obesity." (Id.) A November 30, 2007 treatment note stated that plaintiff's symptoms, "do not make anatomical sense," and that his complaints "are out of proportion" because he has "no deficits, or findings on exam – nothing." (Id.) A December 20, 2010 treatment note released plaintiff back to work with "[n]o work restrictions." (Id.) Finally, the ALJ also pointed out that plaintiff's testimony was inconsistent with the findings of the two examining physicians. (Id. at 25.)

The ALJ is permitted to consider such evidence in evaluating plaintiff's testimony. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("These inconsistencies [lab reports contradicting plaintiff's subjective complaint] constitute significant and substantial reasons to find Parra's testimony less than completely credible."); Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (including effectiveness of medication, treatment other than medication, the claimant's

/////

daily activities and ordinary techniques of credibility evaluation among the factors that may be considered by an ALJ in assessing the credibility of allegedly disabling subjective symptoms).

Accordingly, the court finds that plaintiff is also not entitled to relief with respect to his claim that the ALJ erred by rejecting plaintiff's testimony concerning the severity of his impairments.

## CONCLUSION

For these reasons the court finds that plaintiff is not entitled to summary judgment in his favor with respect to either of his arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 20) is denied;

2. Defendant's cross-motion for summary judgment (Dkt. No. 21) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

Dated:  February 13, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\edwards1461.ord.docx